UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WARREN PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>DOTTY'S STATION CASINO, DOTTY'S EMPLOYEES, LATESHA JEAN HUNTER, AMY, Supervisor, and A.J., bartender,<br><br>Defendants. | Case No. 2:21-cv-02012-APG-EJY<br><br>**REPORT AND RECOMMENDATION** |

On December 14, 2021, the Court entered an Order to Show Cause ("OSC") why this matter should not be dismissed. ECF No. 5. At that time, the Court noted that Plaintiff's application to proceed *in forma pauperis* was incomplete, and that Plaintiff's claims against the Defendants raised only state law claims. The Court concluded that Plaintiff did not present a federal question or establish complete diversity of the parties.[1] In the absence of a federal question or diversity the Court lacks subject matter jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). The Court granted Plaintiff through January 18, 2022 to show cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction. As of the date of this Recommendation, Plaintiff has not done so.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without prejudice to allow Plaintiff to file his claims in the state courts of Nevada if he chooses to do so.

Dated this 19th day of January, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] Federal question jurisdiction over civil actions arises "under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Federal courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a).

1

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).